HENNEY BUGGY CO. *vs.* W. H. HIGHAM.

Opinion filed November 1st, 1897.

**Conversion—Review of Evidence.**

New trial ordered because the verdict was not supported by the evidence.

Appeal from District Court, Grand Forks County; *Fisk*, J.

Action by the Henney Buggy Company against W. H. Higham. Judgment for plaintiff, and he appeals.

Reversed.

*Burke Corbet*, for appellant.

*F. H. McDermont* and *J. H. Bosard*, for respondent.

CORLISS, C. J.    It is unnecessary to enter into the consideration of the somewhat complicated facts of this case to reach a correct solution of the problem which confronts us on this appeal. We are asked by the plaintiff to reverse the judgment in its favor on the ground, among others, that the verdict on which such judgment rests should have been for a larger amount. In its complaint the plaintiff has joined a cause of action on contract with a cause of action for conversion. But, as the misjoinder of causes of action was not attacked by demurrer, the right to insist that separate actions should have been brought has been waived. Defendant, having in his possession certain goods of the plaintiff, sold a portion of them on commission, and the price for which the jury found he was bound to account to the plaintiff was the sum of $728. Against this amount the jury found that defendant had charges aggregating $682.24 for storage, freight and taxes. It then appears from their verdict that there was owing the plaintiff from the defendant the sum of $45.76, and their verdict was for this amount. It is undisputed that defendant, on the 31st of March, 1895, had in his possession goods belonging to the plaintiff of the value of several hundred dollars. On that day plaintiff demanded these goods of defendant, and defendant refused to deliver them, claiming the right to hold them for storage, etc.

But it is evident that at this time he had been more than paid out of the proceeds of the sales referred to all that he could claim from plaintiff. The amount of the proceeds of this property sold, for which he was accountable to the plaintiff, exceeded all sums due him from plaintiff by $45.76, and the jury have so declared in their verdict. It follows that defendant had no right to withhold from plaintiff the possession of the property belonging to plaintiff, and his act in so doing constituted a conversion thereof. But the jury, in the very face of these uncontradicted facts, rendered a verdict in favor of the defendant on the question of conversion, whereas their verdict should have been for the market value of the property converted on March 31, 1895, with interest thereon. It follows that there must be a new trial herein. The verdict and judgment are reversed, and a new trial is ordered. All concur.